## Commonwealth v. Wolf

*Matthew Falk, deputy district attorney,* for Commonwealth.

*Michael E. Brunnabend,* for defendant.

STEINBERG, *J.,* April 14, 2010—On July 16, 2009, the petitioner, Mark Wolf, entered a guilty plea to rape of a child.[1] Under the terms of the plea agreement, the Commonwealth agreed not to seek a mandatory sentence.[2] The appellant admitted to sexually abusing his daughter, D.W., in a variety of ways. The sexual abuse began when D.W. was between the ages of 7 and 11 and continued until she was 13 years old, when she disclosed the abuse to her mother. The appellant was sentenced on December 3, 2009, to not less than 12 years nor more than 25 years in a state correctional institution and was also found to be a sexually violent predator.

Post-sentence motions were filed on December 10, 2009, and a hearing on those motions was held on January 26, 2010. This court denied the motions on February 5, 2010, and the appellant filed a timely appeal on March 3, 2010. In accordance with this court's directive, the appellant filed a "concise statement of matters complained on appeal," pursuant to Pa.R.A.P. 1925(b), on March 24, 2010. In his "concise statement of matters complained on appeal" the appellant set forth two allegations: (1) that "the court erred in finding that the defendant was a sexually violent predator;"[3] (2) that the

---

1. 18 Pa.C.S. §3121(c).
2. Notes of testimony, sentencing (N.T.S.) 12/3/09, p. 3.
3. Concise statement of matters complained on appeal,¶1.

sentence was improper because it is excessive and the court failed to set forth its reasons for the length of the sentence and to consider the appellant's rehabilitative needs.

For the reasons discussed below, the appellant has failed to demonstrate that a substantial question exists regarding his sentence. Furthermore, the merits of the appellant's sentencing claim and his objection to his designation as a sexually violent predator are wanting, and the judgment of sentence should be affirmed.

## DISCUSSION

"It is well-settled that appeals of discretionary aspects of a sentence are not reviewable as a matter of right." *Commonwealth v. Ladamus,* 896 A.2d 592, 595 (Pa. Super. 2006); see also, *Commonwealth v. Shugars,* 895 A.2d 1270, 1274 (Pa. Super. 2006); *Commonwealth v. McNabb,* 819 A.2d 54, 55 (Pa. Super. 2003); and *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002). The appellant must demonstrate that a substantial question exists concerning the sentence. *Commonwealth v. Lee,* 876 A.2d 408, 411 (Pa. Super. 2005).

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Perry,* 883 A.2d 599, 602 (Pa. Super. 2005). A claim that a sentence is unreasonable can raise a substantial question when an appellant "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular

fundamental norm underlying the sentencing process. . . ." *Mouzon,* 812 A.2d at 627. However, a substantial question requires something more than alleging excessiveness. See *Ladamus,* 896 A.2d at 595.

Here, the appellant's vague allegations do not present a substantial question. "It is important to note that this court is not persuaded by bald assertions or the invocation of special words in a concise statement of reasons; [t]o the contrary, a concise statement must articulate the way in which the court's conduct violated the sentencing code or process." *Commonwealth v. Cannon,* 954 A.2d 1222, 1229 (Pa. Super 2008), quoting *Commonwealth v. Kalichak,* 943 A.2d 285, 290 (Pa. Super 2008). Further, claims of excessiveness and inadequate consideration of mitigating circumstances, *i.e.* the need for rehabilitation, do not raise a substantial question for review. *Ladamus,* 896 A.2d 592, 595 (Pa. Super. 2006); *Commonwealth v. Cannon,* 954 A.2d 1222 (Pa. Super. 2008); *Commonwealth v. Matroni,* 923 A.2d 444, 455 (Pa. Super. 2007); *Commonwealth v. Kraft,* 737 A.2d 755, 757 (Pa. Super. 1999). For this reason, the appellant's claims regarding his sentence are not reviewable on appeal.

If the merits of the appellant's sentencing claims are considered, then the sentencing court's decision-making is scrutinized under an abuse of discretion standard. *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957, 961 (2007); *Commonwealth v. Hoch,* 936 A.2d 515, 519 (Pa. Super. 2007). The following explanation has been used as the starting point for determining if the sentencing court properly exercised its discretion:

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Fullin,* 892 A.2d 843, 847 (Pa. Super. 2006), citing *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa. Super. 1999) (en banc).

The appellant received a standard range sentence. His offense gravity score was 14 and his prior record score was zero. Hence, the standard range sentence for rape of a child under 13 years old was 72 to 240 months, and the appellant received a minimum sentence of 144 months. Generally, when a sentence is imposed within the sentencing guideline range there is no substantial question. *Commonwealth v. Maneval,* 455 Pa. Super. 483, 688 A.2d 1198 (1997); *Commonwealth v. Johnson,* 446 Pa. Super. 192, 197, 666 A.2d 690, 692 (1995).[4]

The guidelines are advisory and nonbinding, but the sentencing court must consider them in formulating a sentence. *Walls,* 926 A.2d at 964. The purpose of the guidelines was explained in *Walls* as follows:

---

4. Cf. *Commonwealth v. Trippett,* 932 A.2d 188 (Pa. Super. 2007) (Challenge to the discretionary aspects of standard range sentence requires demonstration that actions of sentencing court were either inconsistent with Sentencing Code or contrary to fundamental norms underlying sentencing process).

"Consultation of the guidelines will assist in avoiding excessive sentences and further the goal of the guidelines, viz., increased uniformity, certainty, and fairness in sentencing. Guidelines serve the laudatory role of aiding and enhancing the judicial exercise of judgment regarding case-specific sentencing. Guidelines may help frame the exercise of judgment by the court in imposing a sentence. Therefore, based upon the above, we reaffirm that the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence." *Id.* at 964-65.

Here, the sentencing guidelines were considered in imposing the appellant's sentence. This court also considered the presentence report and all of the relevant facts and cumstances. See *Commonwealth v. Devers,* 519 Pa. 88, 100, 546 A.2d 12, 18 (1988); *Commonwealth v. Pollard,* 832 A.2d 517, 526 (Pa. Super. 2003). In other words, in reaching our sentence, "the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs and the sentencing guidelines" were all evaluated. 42 Pa.C.S. §9721(b); *Commonwealth v. Feucht,* 955 A.2d 377, 383 (Pa. Super. 2008).

Some of the significant factors supporting the imposition of the appellant's sentence were the multiple episodes of abuse, the lengthy period of time that the abuse occurred, the young age of the victim, and the relation-

ship between the appellant and the victim. The victim is the appellant's daughter and the sexual abuse, in the nature of vaginal, anal, oral, and digital penetration, occurred 40 to 50 times over a period of two to five years.

The appellant further contends that this court erred because, in arriving at its sentence, it failed to set forth such appropriate and legally required reasons to justify the sentence. The appellant offers no support for this contention, stating only that the court erred in failing "to properly set forth its reasons for the length of the sentence or set forth other factors as required by the Sentencing Code, or otherwise failed to review such factors that are set forth in the Sentencing Code, including the need for the defendant to seek rehabilitation rather than incarceration prior to its imposition of sentence."[5]

In imposing a sentence the trial court must provide the reasons for the sentence on the record.[6] "The court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reasons for the sentence imposed."[7] As long as the reasons demonstrate that the trial court "weighed the sentencing guidelines with the facts of the crime and the defendant's character in a meaningful fashion, the court's sentence should not be disturbed." *Commonwealth v. Anderson,* 830 A.2d 1013, 1019 (Pa. Super. 2003), quoting *Commonwealth v. Begley,* 566, Pa. 239, 301-302, 780 A.2d 605, 642-43 (2001).

---

5. Concise statement of matters complained on appeal, ¶2.

6. Pa.R.Crim.P. 704(C)(2).

7. 204 Pa. Code §303.1(d).

The appellant's argument is clearly undermined by the record. As discussed above, this court considered the gravity of the offense as it impacted the life of the victim, and the important purpose of the statute that was violated. In addition, this court specifically identified mitigating factors that were considered at sentencing, including the appellant's lack of criminal history, his honorable discharge from the Navy, his employment history, his acceptance of responsibility, and his family history.[8]

It is further noted that the appellant's need for rehabilitation does not diminish the seriousness of this case or the need for lengthy incarceration. See *Commonwealth v. Lilley,* 978 A.2d 995, 999 (Pa. Super. 2009), quoting *Commonwealth v. Williams,* 539 Pa. 249, 253 n.1, 652 A.2d 283, 285 n.1 (1994) ("five broad purposes of the penal system: protection of society, general deterrence . . . , individual deterrence, rehabilitation, and retribution"). It is clear from the nature of the offense in this case that the appellant maintained a lengthy criminal relationship with his daughter that preyed on her youth and her trust in her father. She has been affected and will continue to be affected by the defendant's conduct. The appellant's wife commented: "My daughter is going to be messed up for such a long time. This abuse was going on for so long that it became part of her life. She doesn't know what is right or wrong. He made her believe what she was doing was right."[9] The facts support the sentence imposed. In other words, the nature of the offense and the appellant's rehabilitative needs were adequately

8. N.T.S., 12/3/09, pp. 37-38.
9. N.T.S., 12/3/09, p. 39.

48

weighed, and justified the imposition of a lengthy, standard range sentence.

Lastly, the appellant objects to his designation as a sexually violent predator (SVP). This objection is without merit. The appellant was determined to be an SVP at the time of his sentencing based, in part, on the introduction into evidence of the sexual offender assessment report[10] that was prepared by Dr. Veronique Valliere after the appellant's guilty plea. No testimony was presented by the appellant.

An SVP is defined as "[a] person who has been convicted of a sexually violent offense . . . and who is determined to be a sexually violent predator [based on a sexual offender assessment evaluation]. . . due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." [11] Here, the appellant's conviction for rape of a child clearly satisfies the requirement of a sexually violent offense. Also, Dr. Valliere's report dated September 12, 2009, concludes that the appellant meets the diagnostic criteria for pedophilia, given his repeated sexual assault of a prepubescent child, and "meet[s] the criteria for . . . classification as a sexually violent predator." [12] Following that conclusion, the Commonwealth filed a "motion to classify the defendant as a sexually violent predator," and this issue was addressed at the sentencing hearing held on December 3, 2009. Both the

---

10. Commonwealth's exhibit 1. The report was admitted into evidence by stipulation at the sentencing hearing.

11. 42 Pa.C.S. §9792.

12. Commonwealth's exhibit 1, p. 4.

Commonwealth and the defense argued the relevance of Dr. Valliere's findings and whether they supported an SVP classification.

The following factors, as required, were considered by Dr. Valliere in preparing the sex offender evaluation[13] and also by this court in reaching the decision that the appellant was an SVP by "clear and convincing evidence" :[14]

"(1) Facts of the current offense, including:

"(i) Whether the offense involved multiple victums.

"(ii)Whether the individual exceeded the means necessary to achieve the offense.

"(iii) The nature of the sexual contact with the victim.

"(iv) Relationship of the individual to the victim.

"(v) Age of the victim.

"(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

"(vii) The mental capacity of the victim.

"(2) Prior offense history, including:

"(i) The individual's prior criminal record.

---

13. See *Commonwealth v. Fuentes,* 2010 WL 937525 *6 (Pa. Super. March 17, 2010), quoting *Commonwealth v. Dixon,* 907 A.2d 533, 535-36 (Pa. Super. 2006) ("At the core of the expert's assessment is a detailed list of factors, which are [mandated] and are designed as, 'criteria by which . . . [the] likelihood [of reoffense] may be gauged.'").

14. 42 Pa.C.S. §9795.4(e)(3).

"(ii) Whether the individual completed any prior sentences.

"(iii) Whether the individual participated in available programs for sexual offenders.

"(3) Characteristics of the individual, including:

"(i) Age of the individual.

"(ii) Use of illegal drugs by the individual.

"(iii) Any mental illness, mental disability or mental abnormality.

"(iv) Behavioral characteristics that contribute to the individual's conduct.

"(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense." [15]

At the hearing, this court weighed each of these factors, along with Dr. Valliere's sexual offender assessment evaluation and diagnosis of pedophilia, and set forth its findings of fact. See *Commonwealth v. Meals,* 590 Pa. 110, 912 A.2d 213 (2006); see also, *Commonwealth v. Geiter,* 929 A.2d 648, 652-53 (Pa. Super. 2007) (SVP designation affirmed where defendant sexually abused his 10-year-old son on multiple occasions over a one-year period after he started exercising visitation rights with the child, and although many of the section 9795.4(b) factors were found to "favor" the appellant, that did not preclude an SVP determination). In particular, it was determined that this case involved only a single victim

---

15. 42 Pa.C.S. §9795.4(b).

to whom the appellant had easy access because they lived in the same household. The appellant commented that having sex with his daughter "was the easy way. There was no fighting, no arguing." [16] Although the crimes did not involve "unusual cruelty," they did include vaginal, anal, oral, and digital penetration on 40 to 50 occasions. The appellant used his status as father to abuse the victim from the time she was probably 7 until she was 13. The victim remembered the timing of the abuse because she was a third grader. Whether it started at age 7 or 11 was not significant because either way her mental capacity was limited due to her youth and the great influence that her father had over her as her parent. The appellant, who was 34 at the time of sentencing, had no prior offense history and did not use illegal drugs. However, the appellant has a mental abnormality[17] in the form of pedophilia, which is associated with a high likelihood of reoffending.[18] Additionally, the appellant's lack of insight into the abuse of his daughter, and his capacity to reoffend, is made even more egregious by his comment in the presentence report, "she came into my room, she

---

16. N.T.S. 12/3/09, p. 38. Presentence report, p. 3.

17. "Mental abnormality" is defined as "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." 42 Pa.C.S. §9792.

18. N.T.S. 12/3/09, p. 20. "Sexual arousal to prepubescent children typically develops early in life and is highly deviant. Deviant sexual arousal to prepubescent children is related to a risk of recidivism." See Judge Klein's concurring statement in *Geiter*, 929 A.2d at 653: "Geiter suffered from the personality disorder, pedophilia, and all pedophiles are likely to engage in predatory sexually violent offenses in the future."

never said no. I never made this little girl do anything, I never forced her or threatened."[19]

It is apparent that the appellant's mental abnormality was not dormant, but instead it was coupled with predatory actions. *Meals,* 912 A.2d at 224 ("[P]roof of a mental abnormality . . . is not sufficient in itself to prove SVP status . . . . Instead, there must also be proof concerning predatory behavior."). "Predatory" behavior is defined as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, *in whole or in part,* in order to facilitate or support victimization."[20] (emphasis added) Here, the appellant promoted a relationship of victimization with his daughter and acted opportunistically by assaulting the victim only after her mother left the house. In addition, the appellant maintained this behavior for an extended period of time. It is clear that the appellant engaged, and is likely to engage in the future, in predatory behavior. "The salient inquiry to be made by the trial court is the identification of the *impetus* behind the commission of the crime and the extent to which the offender is likely to *reoffend*." *Commonwealth v. Geiter,* 929 A.2d at 651.

Taking all of the forgoing evidence into account, including Dr. Valliere's opinion, an order was entered finding, by clear and convincing evidence, that the appellant is an SVP. While it is unclear whether the appellant is challenging the sufficiency of the evidence or the

19. N.T.S. 12/3/09, p. 19; Presentence report, p. 3.
20. 42 Pa.C.S. §9792.

weight of the evidence, his objections lack any basis in fact or law. See *Fuentes,* 2010 WL 937525 at *9.

## ORDER

And now, April 14, 2010, it appearing that the appellant has filed a notice of appeal in the above-captioned matter; it further appearing that the defendant has filed a "concise statement of matters complained on appeal" pursuant to Pa. R.A.P. 1925(b); it further appearing that our accompanying opinion satisfies the requirements of Pa.R.A.P. 1925(a);

It is hereby ordered that the clerk of courts, criminal division, shall transmit the record in the above-captioned matter to the Superior Court forthwith;

It is further ordered that the clerk of courts shall include with the transmittal of the record the following documents:

(1) The notes of testimony from the sentencing held December 3, 2009.

(2) A copy of the appellant's pre-sentence investigation report and sex offender evaluation prepared by the Sexual Offenders Assessment Board, for review by the Superior Court, and that said reports shall be sealed to preserve their confidentiality pursuant to Pa.R.Crim.P. 703.